1 | **UNITED EMPLOYEES LAW GROUP, P.C.**
Walter L. Haines, Esq. SBN 71075
2 | Gregory A. Douglas, Esq. SBN 147166
Angie Phung, Esq. SBN 238949
3 | 65 Pine Avenue, #312
Long Beach, CA 90802
4 | Tel.: (562) 256-1047
Fax: (562) 256-1006
5 | Attorneys for Plaintiffs

6

7

## UNITED STATES DISTRICT COURT

8

## CENTRAL DISTRICT OF CALIFORNIA

9

10

11 | BRAD COLEMAN, LISA BANACH,
JOSEPH BANG, ISAAC
12 | BUCHANAN, RYAN CAYWOOD,
SUSAN CHANG, JOSE ESPINOZA,
13 | STEVE FENNELL, EDWARD HILL,
ANGELA KIM, IVAN LEE, STEVEN
14 | LIU, EVAN MEDLEY, DAVID
MEJIA, JOHN MORRIS, BEN
15 | NABLE, RYAN NABLE, TONY
NGUYEN, ALAN RUIZ, JOHN
16 | SHINDLEDECKER, JOSEPH
17 | SPECKMAN, EDWARD SUK, SON
THAI, JOSE VALENZUELA,
18 | CORNELL WHEELER, TREVOR
WHITWORTH, DANTE ZENA
19
20

21 |               Plaintiffs,

22

23 | vs.

24 | CASHCALL, INC., a California
corporation and PAUL REDDAM, an
25 | individual;

26 |               Defendants.

27

28

CASE NO: **SACV08-0024 DOC**

**PLAINTIFFS' COMPLAINT FOR
UNPAID OVERTIME WAGES;
STATUTORY AND CIVIL
PENALTIES; LIQUIDATED
DAMAGES; UNLAWFULLY
WITHHELD WAGES; UNFAIR
BUSINESS PRACTICES;
ATTORNEYS' FEES AND COSTS:**

[FSLA, 29 USC §§ 207, 211(c), 216(B)]
[California *Labor Code* §§ 510, 1194,
I.W.C. Wage Order Nos. 4-2000, 4-2001]
[California *Labor Code* §§ 226.7 and 512,
I.W.C. Wage Order Nos. 4-2000, 4-2001]
[California *Labor Code* § 226(a)]
[California *Labor Code* §§ 201-203]
[California *Bus. & Prof. Code* § 17200-
17208]
[California *Labor Code* § 2699]

DEMAND FOR JURY TRIAL

-1-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiffs BRAD COLEMAN, LISA BANACH, JOSEPH BANG, ISAAC BUCHANAN, RYAN CAYWOOD, SUSAN CHANG, JOSE ESPINOZA, STEVE FENNELL, EDWARD HILL, ANGELA KIM, IVAN LEE, STEVEN LIU, EVAN MEDLEY, DAVID MEJIA, JOHN MORRIS, BEN NABLE, RYAN NABLE, TONY NGUYEN, ALAN RUIZ, JOHN SHINDLEDECKER, JOSEPH SPECKMAN, EDWARD SUK, SON THAI, JOSE VALENZUELA, CORNELL WHEELER, TREVOR WHITWORTH, DANTE ZENA    (hereinafter referred to collectively as "Plaintiffs") and complain and allege against Defendants, CASHCALL, INC., a California corporation (hereinafter referred to, individually, as "CASHCALL," and, collectively with other parties sued hereunder, as "Defendants"), and PAUL REDDAM, an individual, (hereinafter referred to, individually, as "REDDAM," and, collectively with other parties sued hereunder, as "Defendants"), and each of them, for the counts, claims or causes of action as follows:

## I.

## VENUE AND JURISDICTION

1.    This Court has jurisdiction over Plaintiffs' federal law claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 207, 216(b), and 28 U.S.C. §§ 1331 and 1337.  This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because such claims are so related to the federal claims that they form part of the same case or controversy between Plaintiffs and Defendants.

2.    CASHCALL was and is a business corporation with its principal place of business located at 17360 Brookhurst Street, Fountain Valley, County of Orange, California 92708.

3.    Plaintiffs are informed and believe that at all times mentioned herein, Defendant REDDAM was and is a resident of Orange County and that he committed the acts and omissions complained of herein with the county of Orange, state of California.

4.     Plaintiffs, and each of them, were at all relevant times alleged herein, residents of the county of Orange, performed the work and services referenced herein at CASHCALL'S central, home office in Orange county, and suffered the damages complained of herein within the geographical jurisdiction of this Court.

5.     Plaintiffs are informed and believe, and thereon allege, that each and every Defendant herein is, and at all times relevant hereto was, a person, corporation or other business entity existing and operating within the confines of the State of California, and thus subject to the jurisdiction of the California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the California market for labor of the kind provided by each Plaintiff, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the State of California.  Specifically, Defendants, and each of them, maintain offices, operate businesses, employ persons, conduct business in, and pay employees by illegal payroll practices and policies in the County of ORANGE.

## II.

## DEFENDANTS AND VICARIOUS LIABILITIES

6.     Each reference in this complaint to "Defendant," "Defendants," or a specifically named Defendant refers to all Defendants sued hereunder.

7.     Plaintiffs are informed and believe, and thereon allege, that each and every Defendant herein is, and at all times relevant hereto was, the agent, employee, servant, master, and/or employer of each and every other Defendant, however named, and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants

8.     Each of the acts alleged herein were performed by, and/or attributable to, all Defendants, each acting under the direction and control of each of the other Defendants and that said acts and failures to act were within the course and scope of said agency

1 and/or direction and control, and were committed willfully, maliciously, oppressively,
2 and fraudulently.

3 9.     Plaintiffs are further informed and believe, and thereon allege, that each and
4 every Defendant herein aided and assisted the other Defendants in committing the
5 wrongful acts alleged herein, and that each Plaintiff's damages were proximately
6 caused by each and every Defendant herein.

7 10.    Plaintiffs are informed and believe and thereon allege that at all times relevant,
8 Defendant REDDAM, was a business entity or individual person who owned,
9 controlled, or managed the business for which each Plaintiff worked, and/or who
10 directly or indirectly exercised operational control over each Plaintiff's wages, hours,
11 and working conditions.  Plaintiff further alleges that said each and every one of said
12 Defendants held ownership, officer, director and/or executive positions with the
13 remaining Defendants, and acted on behalf of the remaining Defendants, which
14 included decision-making responsibility for, and establishment of, illegal payroll
15 practices and policies for Defendants which have damaged each Plaintiff in individual
16 and separate amounts.  Thus, all Defendants herein, whether named in this Complaint
17 were and are "employers" as a matter of law, and each is individually liable on all
18 causes of action alleged herein.

19 11.    Plaintiffs are informed and believe, and on that basis allege, that at all times
20 herein mentioned, each and every Defendant herein was in some fashion, by contract or
21 otherwise, the successor, assign, joint venturer, co-venturer, indemnitor, guarantor or
22 partner of one or more of the remaining Defendants, and all times relevant to each
23 Plaintiff's claim alleged herein, was acting within that capacity.  Plaintiff further allege
24 that each and every Defendant to some degree and extent wrongfully received and/or
25 wrongfully benefited from the flow of assets from the other Defendants, to the
26 detriment of Plaintiff, and each of them, the rightful owners of the pay denied them, and
27 that such equities exist to merit this Court imposing restrictive orders, including without
28 limitation a constructive trust on such assets in the control of Defendants, or any of

them, or their agents or anyone acting on their behalf, as Plaintiff may trace to the wrongful recipient(s) and/or beneficiary(ies) of said funds.

12.    Plaintiffs are informed and believe, and on that basis allege, that Defendant REDDAM is the founder, president, and sole and /or majority and controlling stockholder in CASHCALL. Defendant is the employer of Plaintiffs for purposes of the *Labor Code* violations alleged herein, in that REDDAM exercised direct control over wages, hours, and working conditions of each Plaintiff; REDDAM has exercised and continues to exercise the power to hire, fire, and modify the employment conditions of CASHCALL's employees, including Plaintiffs; REDDAM has the authority and has exercised and continues to exercise the authority over matters concerning compensation and promotion of CASHCALL's employees, including Plaintiffs; REDDAM has the power to and has and continues to supervise and control employee work schedules, including those of Plaintiffs; REDDAM determined and continues to determine the rate and method of payment of his employees, including Plaintiffs; REDDAM failed and refused to pay, among other things, overtime compensation; REDDAM paid each Plaintiff without accurate itemized wage statements; and REDDAM failed to authorize and/or permit rest periods and uninterrupted meal periods pursuant to *Labor Code* §§226.7 and 512 and all IWC Wage Orders applicable to Plaintiffs' industry and occupation. Accordingly, REDDAM is and was a joint employer under applicable state and federal law of all current and former employees, including Plaintiffs, and is therefore independently and jointly and severally liable for the violations as alleged herein.

## III.

## ALLEGATIONS COMMON TO ALL COUNTS AND CLAIMS

13.    This action is for unpaid overtime compensation under federal and state law, meal and rest breaks violations, failure to properly submit itemized wage statements, failure to compensate upon termination, unpaid bonuses, and unfair competition.

14.     Plaintiffs seek compensatory damages under federal and state law, liquidated damages, restitution, as well as other statutory and civil penalties owed to Plaintiffs who were employed by Defendants CASHCALL, INC. and PAUL REDDAM, under the FLSA, 29 U.S.C. § 21.6(b), California *Labor Code* §§ 201-203, 226, 226.7, 510, 512, and 1194, Industrial Welfare Commission ("IWC") Wage Order No. 4-2001, and California *Business & Professions Code* §§ 17200, et seq.

15.     Each of the Plaintiffs was employed by Defendants as a "Loan Agent" who answered calls routed to Defendants central office from individuals seeking unsecured "signature" loans, most of whom were made aware of Defendants' business through television commercials advertising the offer of money upon an expedited loan process requiring no collateral.

16.     Defendants paid Plaintiffs, as "Loan Agents" for Defendants, either a monthly base salary or, alternatively, a non-discretionary bonus that was calculated based on "units" of loans sold, as more specifically alleged below.

17.     If Plaintiffs did not sell a funded loan during the applicable pay period that would generate enough "units" to entitle Plaintiffs to at least $2,000 in bonuses, Defendants paid Plaintiffs the base monthly salary of $2,000.00.

18.     If Plaintiffs funded enough loans during the applicable pay period so that the "units" generated a payment in excess of the base monthly salary, then Defendants paid Plaintiffs that amount as compensation.

19.     This fixed "unit" system was a non-discretionary bonus payment.  As such, Plaintiffs did not qualify as inside commissioned sales personnel under applicable California law because they were not primarily compensated on a true commission basis, but instead, were primarily compensated on a non-discretionary bonus system.

20.     Defendants additionally compensated "Loan Agents" from time to time with award bonuses and other incentive bonuses amounting to compensation that was not based upon a percentage of the products or services sold.  As such, Plaintiffs did not qualify as inside commissioned sales personnel under applicable California law because

the commissions received were not based upon a fractional function of the products or services sold.

21.    As "Loan Agents," Plaintiffs did not in fact truly engage in the act of salesmanship as they were routed calls from individuals who were seeking loans and then collected data from these individuals who, for the most part, were in need of immediate funds, had already decided that they wanted the Defendants' loan products prior to speaking with Plaintiffs, and were merely being processed by Plaintiffs to determine if these individuals met the underwriting criteria of the third-party lenders that Defendants used to fund these signature loans.  All "Loan Agents," including Plaintiffs, were supervised by a team manager.  Plaintiffs lacked any capacity to exercise discretion and independent judgment.  Plaintiffs lacked the capacity to supervise or manage others.  None of the work performed by any on any given day qualified as "exempt" work under neither federal nor state statutes and regulations.

22.    As such, plaintiffs were not truly commissioned sales persons but were instead merely loan processors who distinguished themselves in the number of successfully processed to completion not through any salesmanship but rather through the volume of calls taken and their understanding of the loan products and the type of information necessary to satisfy Defendants' underwriters of the loans.

23.    Additionally, Plaintiffs are informed and believe that Defendants were not entitled to classify Plaintiffs as "exempt" from the requirements of the overtime, lunch break and rest break provisions of the California *Labor Code* under the commissioned sales agent exemption set forth in the applicable IWC Wage Order No. 4-2001 and/or the California *Code of Regulations*.

24.    Plaintiffs did not qualify as exempt employees under the overtime provisions of the FLSA because they work in an industry that does not qualify as having the "retail" service concept (the financial/lending industry is not "retail") and furthermore, are not primarily compensated on a salary basis, and do not exercise, as part of their primary

1    duties, discretion and independent judgment, nor do they perform work directly related
2    to the general business operations of CASHCALL or its customers.

3    25.    At all times relevant to this action, Defendants required Plaintiffs to work
4    substantially in excess of forty (40) hours per week without paying them proper
5    overtime compensation as required by the FLSA, 29 U.S.C. § 207, and *Labor Code* §§·
6    510 and 1194. Defendants intentionally created policies and procedures for their "Loan
7    Agents" which, in essence, required that the "Loan Agents" work every calendar day,
8    including over the weekend. For example, if a loan applicant processed by a "Loan
9    Agent" called to provide necessary additional information to satisfy the underwriting
10    requirements on a day in which the initial processing "Loan Agent" was not working,
11    the "Loan Agent" taking the call-back would receive the "units" from the funding of
12    any loan to that applicant. In addition to violating the foregoing provisions of the FLSA
13    and the *Labor Code*, this constitutes an unlawful and unfair business practice under
14    *Business & Professions Code*, §§ 17200, et seq.

15    26.    At all times relevant to this action, Defendants required Plaintiffs to work
16    substantially in excess of eight (8) hours per day without paying them proper overtime
17    compensation as required by *Labor Code* § 510. In addition to violating *Labor Code*
18    §510, this constitutes an unlawful and unfair business practice under *Business &
19    Professions Code* §§ 17200, et seq.

20    27.    At all times relevant to this action, Defendants denied Plaintiffs meal and rest
21    breaks as required under *Labor Code* §§ 226.7and 512, and IWC Wage Orders No. 4-
22    2001. Plaintiffs are accordingly entitled to an additional hour of pay at their regular rate
23    for each day they were not afforded a lawful meal and rest period. This policy and
24    practice also constitutes an unlawful and unfair business practice under *Business &
25    Professions Code* §§ 17200, et seq.

26    28.    At all times relevant to this action, Defendants had a policy and practice of not
27    timely paying overtime compensation and other related wages and penalties due and
28    owing to Plaintiffs immediately upon, or within seventy-two (72) hours of, the

1   conclusion of their employment with Defendants. This violates *Labor Code* §§ 201 and
2   202 and imposes upon the employer penalties pursuant *to Labor Code* § 203.

3   29.   At all times relevant to this action, Defendants knowingly and intentionally failed
4   to furnish to Plaintiffs proper itemized wage statements showing all of the information
5   required by *Labor Code* § 226(a), including, but not limited to, the following: (1) the
6   total hours actually worked by the individual; (2) the number of "piece-rate" or non-
7   discretionary bonus units earned and the applicable rate, i.e., the number of funded
8   loans for which the Loan Agent was paid on a "unit" basis; and (3) all true regular and
9   overtime rates in effect during the pay period and the corresponding correct number of
10  hours worked at the applicable rate per individual.   Thus, Plaintiffs are entitled to
11  recover the greater of all actual damages or the statutory penalties as set forth under
12  *Labor Code* § 226(e).  This policy and practice also constitutes an unlawful and unfair
13  business practice under *Business & Professions Code* §§ 17200, et seq.

14  30.   Defendants failed to compensate Plaintiffs for missed meal and rest break
15  periods, and did not provide Plaintiffs with proper itemized wage statements, because
16  Defendants misclassified or improperly treated them as "exempt" employees under
17  applicable wage and hour laws and/or because Defendants willfully elected to ignore
18  and violate applicable wage and hour laws. Defendants' intentional deception was a
19  willful violation of federal and state law. Accordingly, Plaintiffs seek to recover unpaid
20  overtime compensation, including the applicable interest, restitution, statutory and civil
21  penalties, reasonable attorneys fees, and litigation costs under the FLSA, 29 U.S.C. §
22  206, 207, 211(c), 216(b), *Labor Code* §§ 201-203, 226, 226.7, 510, 512 and 1194, IWC
23  Wage Order No. 4-2001, and *Business & Professions Code* §§ 17200, et seq.  Plaintiffs
24  also seek liquidated damages and/or pre judgment interest.  Furthermore, Plaintiffs seek
25  all other related wages, restitution, attorneys fees, costs and statutory and civil penalties
26  to the fullest extent allowable under *Business & Professions Code* §§ 17200, et seq.

27
28

31.   At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage Orders, as amended (8 *Cal. Code Regs.* § 11050), applied to wages, hours, and working conditions of all Plaintiffs.

32.   On several various dates, each Plaintiff served, by certified mail, notice of the violations alleged in this complaint, in the manner required by *Labor Code* §2699.3, on the California Labor & Workforce Development Agency, 801 K Street, Suite 2101, Sacramento, CA 95814 (hereinafter the "LABOR BOARD.")   Each said notice was also served by certified mail on CASHCALL and the other Defendants at CASHCALL's last known address.

33.   Upon the expiration of thirty-three (33) days or more following the sending of each of the aforementioned notices, and neither each Plaintiff herein, nor Plaintiffs' counsel having received notice from the LABOR BOARD that said agency was accepting Plaintiffs' claim for prosecution with the exception of Plaintiffs Lisa Banach; Ivan Lee and Edward Suk.   Plaintiffs allege the right to proceed with all remedies provided by law, including in addition to any compensatory damages awarded on Plaintiffs' Complaint herein, any and all statutory penalties which are collectible by each Plaintiff under the provisions of *Labor Code* §§ 2698-2699.5, commonly known as the *Labor Code* "Private Attorney General Act of 2004," including but not limited to those delineated under *Labor Code* §558 (a).

## FIRST COUNT
### Failure to Pay Overtime in Violation of Federal Law
[FSLA 29 USC §§ 207, 211(c), 216(B)]
Against All Defendants

34.   Plaintiffs re-allege and incorporate by reference the allegations contained above in paragraphs 1 through 33,   as though restated here in full.

35.   Under the FLSA, 29 U.S.C. § 207, Defendants were and are obligated to compensate Plaintiffs for all hours worked in excess of forty (40) hours in a workweek.

1  Plaintiffs are not subject to any applicable exemptions from the requirement to pay
2  overtime under federal law.

3  36.     At all times relevant to this action, Plaintiffs regularly worked in excess of forty
4  (40) hours per week, but were not paid for such overtime work.

5  37.     By failing to pay overtime compensation due to Plaintiffs, Defendants willingly,
6  knowingly, and/or recklessly violated the provisions of the FLSA, which requires the
7  payment of overtime compensation to nonexempt employees.

8  38.     As a result of Defendants' policy and practice of withholding overtime
9  compensation, the Plaintiffs have been damaged in that they have not received wages
10 due to them under the FLSA.

11 39.     Defendants have made it difficult to account for the unpaid overtime wages
12 earned by Plaintiffs' at all times relevant to this litigation because they did not make,
13 keep, and preserve the actual hours worked by Plaintiffs, as required for nonexempt
14 employees under 29 U.S.C. § 211(c).

15 40.     Defendants' failure to retain accurate records of hours actually worked by
16 Plaintiffs was willful and deliberate and designed to serve their policy of unlawfully
17 denying overtime wages to their employees.

18 41.     As a result of the unlawful acts of the Defendants, Plaintiffs have been deprived
19 of overtime compensation in amounts not yet fully ascertained, but to be determined at
20 trial, and are entitled to recovery of such amounts, liquidated damages, and/or pre-
21 judgment interest, attorneys' fees and costs, and other compensation allowable under 29
22 U.S.C. § 216(b).

23

24                              **SECOND COUNT**
                    Failure to Pay Overtime in Violation of State Law
25                      [California *Labor Code* §§ 510, 1194
                          I.W.C. Wage Order Nos. 4-2000, 4-2001]
26                              Against All Defendants

27

28

42.   Plaintiffs re-allege and incorporate by reference the allegations contained above in paragraphs 1 through 41, as though restated here in full.

43.   Plaintiffs were employed during their tenure by Defendants as "Loan Agents."

44.   Plaintiffs herein regularly worked more than eight (8) hours per day and/or forty (40) hours per week, but did not receive overtime wages for these hours.

45.   California *Labor Code* § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that eight (8) hours of labor constitutes a day's work and any work in excess of eight (8) hours in one (1) workday shall be compensated at the rate of no less than one and one-half times the regular rate of pay for each employee.

46.   California *Labor Code* § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for each employee.

47.   California *Labor Code* § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that any work in excess of twelve (12) hours in any one workday shall be compensated at the rate of no less than twice the regular rate of pay for each employee.

48.   California *Labor Code* § 1194 states that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

49.   Defendants have made it difficult to account for the unpaid overtime wages earned by Plaintiffs' at all times relevant to this litigation because they did not make, keep, and preserve the actual hours worked by Plaintiffs as required for nonexempt employees under *Labor Code* § 1174(d) and IWC Wage Order No. 4-2001. Defendants' failure to retain accurate and correct records of hours actually worked by

1  Plaintiffs was willful and deliberate and designed to serve their policy of unlawfully

2  denying overtime wages to their employees

3  50.    As a result of the unlawful acts of the Defendants, Plaintiffs have been deprived

4  of overtime compensation in amounts not yet fully ascertained, but to be determined at

5  trial, and are entitled to recovery of such amounts, together with interest, waiting time

6  penalties, attorneys' fees, litigation costs, and other compensation under state law.

7

8  ### THIRD COUNT

9  Failure to Pay Wages for Meal/Rest Breaks
   [California *Labor Code* §§ 226.7 and 512,

10  I.W.C. Wage Order Nos. 4-2000, 4-2001]
   Against All Defendants

11  51.    Plaintiffs re-allege and incorporate by reference the allegations contained above

12  in paragraphs 1 through 50, as though restated here in full.

13  52.    *Labor Code* § 512 and IWC Wage Order 4-2001 state that an employer may not

14  employ an employee for a work period of more than five (5) hours per day without

15  providing the employee a meal period of not less than 30 minutes, and an employer may

16  not employ an employee for a work period of more than 10 hours per day without

17  providing the employee with a second meal period of not less than 30 minutes.  Wage

18  Order 4-2001 states that unless the employee is relieved of all duty during a 30 minute

19  meal period, the meal period shall be considered an "on duty" meal period and counted

20  as time worked.  *Labor Code* § 226.7(a) further states that no employer shall require

21  any employee to work during any meal or rest period mandated by an applicable order

22  of the IWC.

23  53.    Plaintiffs were not provided with the requisite meal periods within the first 5

24  hours of work, nor were they provided with a proper second meal period during the

25  days Plaintiffs worked more than 10 hours in a day.  Plaintiffs also were required to

26  work and/or were not relieved of all duties during any meal period taken, and thus were

27

28

1 considered "on duty;" however, Defendants failed to count as time worked any "on
2 duty" meal period taken by Plaintiffs.

3 54.   Pursuant to *Labor Code* § 226.7(b) and IWC Wage Order 4-2001, if an employer
4 fails to provide an employee a meal period in accordance with the applicable provisions
5 of IWC Wage Order 4-2001, the employer shall pay the employee one (1) hour of pay
6 at the employee's regular rate of compensation for each workday that the meal period is
7 not provided.  As such, Plaintiffs are entitled to an additional one hour's pay for each
8 day in which Plaintiffs were not provided a proper meal break under the above-
9 described authorities.

10 55.   IWC Wage Order 4-2001 states that every employer shall authorize and permit
11 all employees to take rest periods. The authorized rest period time shall be based on the
12 total hours worked daily at the rate of ten (10) minutes net rest time per four hours of
13 work.

14 56.   Plaintiffs were not permitted to take rest breaks at the rate of ten minutes per
15 every four hours of work and/or Plaintiffs were required to work during any rest periods
16 in contravention of the statutory authorities described herein.

17 57.   Pursuant to *Labor Code* § 226.7(b) and IWC Wage Order 4-2001 if an employer
18 fails to provide an employee a rest period in accordance with the applicable provisions
19 of IWC Wage Order 4-2001, the employer shall pay the employee one (1) hour of pay
20 at the employee's regular rate of compensation for each workday that the rest period is
21 not provided.

22 58.   As such, Plaintiffs are entitled to an additional one hour's pay for each day in
23 which Plaintiffs were not provided a proper rest period under the above-described
24 authorities.

25 59.   As a result of the unlawful acts of the Defendants, Plaintiffs have been deprived
26 of compensation in amounts not yet fully ascertained, but to be determined at trial, and
27 are entitled to recovery of such amounts, together with interest, waiting time penalties,
28 attorneys' fees, litigation costs, and other compensation under state law.

## FOURTH COUNT
### Failure to Provide Wage Statements
[California *Labor Code* § 226(a)]
Against all Defendants

59.   Plaintiffs re-allege and incorporate by reference the allegations contained above in paragraphs 1 through 59, as though restated here in full.

60.   *Labor Code* § 226 requires employers to provide its employees an accurate written itemized statement showing, among other things, gross wages earned, the total hours worked by the employee, all deductions, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

61.   Defendants failed to properly maintain adequate itemized statements of Plaintiffs work and labor as required by law.  Plaintiffs are informed and believe that said failure was knowing and intentional by Defendants as Defendants sought to deprive Plaintiffs of their legitimate right to unpaid wages and/or commissions, and otherwise deprive Plaintiffs of overtime compensation.

62.   As a result of Defendants' intentional and knowing failure to maintain adequate itemized statements, Plaintiffs could not ascertain the actual amount of compensation they earned and/or were entitled to, and thereby suffered damages in the form of the accrual of unpaid wages, commissions, overtime, and interest.

63.   Pursuant to California *Labor Code* § 226(e), an employee who suffers injury as a result of an employer's knowing and intentional failure to comply with subdivision (a), is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

64.    Pursuant to California Labor Code § 226(g), an employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees. As such, Plaintiffs are entitled to penalties recoverable from Defendants as described herein, as well as reasonable costs and attorneys fees.

## FIFTH COUNT
### Failure to Pay Compensation Upon Termination
[California *Labor Code* §§ 201-203]
Against all Defendants who no longer are employed

65.    Plaintiffs re-allege and incorporate by reference the allegations contained above in paragraphs 1 through 64, as though restated here in full.

66.    *Labor Code* §§ 201 and/or 202 state that an employer is required to provide an employee who is terminated all unpaid wages immediately upon termination, or in the event of voluntary resignation, within 72 hours of said resignation.

67.    *Labor Code* § 203 states that if an employer willfully fails to pay an employee wages according to *Labor Code* §§ 201 and/or 202, these wages shall continue as a penalty for up to a maximum of thirty (30) days.

68.    Defendants failed to pay Plaintiffs overtime wages immediately upon termination or resignation, thereby violating *Labor Code* § 201 and/or § 202.

69.    Defendants intentionally withheld paying Plaintiffs these overtime wages thereby violating *Labor Code* § 203 and requiring Defendants to pay Plaintiffs a thirty (30) day wage penalty in addition to unpaid overtime wages.

## SIXTH COUNT
### Unfair Business Practices
[California *Bus. & Prof. Code* § 17200-17208]
Against all Defendants

-16-
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

70.    Plaintiffs re-allege and incorporate by reference the allegations contained above in paragraphs 1 through 69, as though restated here in full.

71.    California *Business and Professions Code* § 17200 et seq. prohibits unfair competition in the form of any unlawful, deceptive or fraudulent business practice. The acts and practices described in this complaint and prohibited by both federal and state law constitute unlawful, unfair and fraudulent business practices, and unfair competition under the meaning of California *Business and Professions Code* § 17200 et seq.

72.    Beginning at an exact date unknown to Plaintiffs, but at least since they began their employment with Defendants, Defendants committed unlawful acts as described above, including: failing to pay overtime compensation to its employees, failing to provide proper meal and rest breaks, failing to timely pay Plaintiffs all wages due and owing, and failing to properly maintain and submit itemized wage statements.

73.    The violations of these laws serve as unlawful business practices for purposes of *Business and Professions Code* § 17200 et seq. and remedies are provided therein under *Business and Professions Code* § 17203.

74.    As a proximate result of the aforementioned acts, the Defendants received and continue to hold ill-gotten gains belonging to Plaintiffs in that Defendants have profited from their unlawful practices.

75.    *Business and Professions Code* § 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition and order restitutionary damages to Defendants by operation of the practices alleged therein. Plaintiffs are entitled to restitution pursuant to *Business and Professions Code* §§ 17203 and 17208 for all wages and civil penalties unlawfully withheld from them during the four (4) years prior to the filing of the complaint.

76.    Plaintiffs seek and are entitled to unpaid wages, unpaid overtime, injunctive relief, and any other remedy owing to Plaintiffs.

77.   Injunctive relief is necessary and proper to prevent Defendants from repeating their wrongful practices as alleged above.

78.   In order to prevent Defendants from profiting and benefitting from their wrongful and illegal acts, an order requiring Defendants to pay restitutionary damages to Plaintiffs is appropriate and necessary.

79.   Plaintiffs herein have taken it upon themselves to enforce these laws and lawful claims. There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys fees in this action. Therefore, attorneys fees are appropriate pursuant to *Code of Civil Procedure* § 1021.5.

## SEVENTH COUNT
### Failure to Pay Overtime and to Furnish Itemized Wage Statement
[*California Labor Code* § 2699]
Against all Defendants

80.   Plaintiffs re-allege and incorporate by reference the allegations contained above in paragraphs 1 through 79, as though restated here in full.

81.   By the conduct described above, Defendants, and each of them, have failed to pay Plaintiffs overtime compensation as required by Section 510 of the California Labor Code and failed to furnish Plaintiffs with an itemized wage statement as required by Labor Code, Section 226(a)(2) and (9).

82.   By reason of the above, Plaintiffs are entitled to a payment of a penalty of $50 per pay period for each employee for the initial violation and $100 per pay period for each employee for each subsequent violation, for the failure to furnish an itemized wage statement, up to a maximum of $4,000 per employee, and Plaintiffs are entitled to a payment of $50 per pay period for each employee for the initial violation and $100 per pay period for each employee for each subsequent violation, for failure to pay overtime compensation.

83.     Plaintiff has complied with the Notice requirements of Labor Code, Section 2699.3(a)(1), as set for in paragraph 33 regarding a violation of Sections 226, 510 and 558 of the Labor Code, prior to commencing this action.

84.     Plaintiffs therefore have a private right of action against all defendants, both business and individual, pursuant to California Labor Code Section 558 (a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendants and that they be provided with the following relief:

1. An award to Plaintiffs for damages in the amount of unpaid overtime wages under the FLSA, including liquidated damages and/or pre judgment interest subject to proof at the time of trial;

2. An award to Plaintiffs of damages in the amount of unpaid overtime compensation and wages under California law, including all applicable interest subject to proof at trial;

3. An award to Plaintiffs of one hour of compensation for each day they did not receive proper meal breaks under *Labor Code* §§ 226.7 and 512 and IWC Wage Order No. 4-2001;

4. An award to Plaintiffs of one hour of compensation for each day they did not receive proper rest breaks under *Labor Code* §§ 226,7 and IWC Wage Order No. 4-2001;

5. An award to Plaintiffs of payments due to them as statutory waiting time penalties in accordance with *Labor Code* §§ 201-203;

6. An award to Plaintiffs of the greater of all actual damages or the statutory penalties provided in *Labor Code* § 226(e) subject to proof at the time of trial;

7. An award to Plaintiffs of liquidated damages in an amount equal to the overtime compensation and unpaid meal and rest break period wages shown to have been denied to Plaintiffs under 29 U.S.C. § 216(b) and liquidated damages in an equal

amount or, if liquidated damages are not awarded, then in the alternative, pre-judgment interest;

8. An award to Plaintiffs of restitution and/or disgorgement of all amounts of Defendants' ill-gotten gains obtained as a result of their failure to pay overtime compensation, wages for compensable meal and rest break periods, failure to pay bonuses, and failure to furnish itemized wage statements under *Labor Code* § 226(a) in an amount according to proof at trial, pursuant to the UCL;

9. An award to Plaintiffs of reasonable attorneys' fees and legal costs under 29 U.S.C. § 216(b), *Labor* Code §§ 226(e), 1194, Cal. *Civil Code* § 1021.5, and/or any other applicable law;

10. An award to Plaintiffs of all civil penalties authorized under *Labor Co*de §§ 203, 226, 226.7;

11. An award to Plaintiffs of pre and post judgment interest; and

12. An award of such other and further relief as this Court may deem just and appropriate.

DATED: January 9, 2008               UNITED EMPLOYEES LAW GROUP, P.C.


By Walter L. Haines, Esq.
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of these claims by jury to the extent authorized by law.

DATED: January 9, 2008               UNITED EMPLOYEES LAW GROUP, P.C.


By Walter L. Haines, Esq.
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| BRAD COLEMAN, LISA BANACH, JOSEPH BANG, ISAAC BUCHANAN,RYAN CAYWOOD, SUSAN CHANG, JOSE ESPINOZA, STEVE FENNELL, EDWARD HILL, ANGELA KIM, | CASHCALL, INC., a California corporation and PAUL REDDAM, an individual |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|
| Orange | |

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| United Employees Law Group; Walter Haines,Gregory Douglas; 65 Pine Ave. #312, Long Beach, CA 90802; 562-256-1047 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No  ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

29 USC sections 207, 211(c), 216(B) FLSA, failure to pay overtime

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?  ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**  Case Number: _____

CV-71 (07/05)   CIVIL COVER SHEET   Page 1 of 2

SACV08-0024

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). **RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Orange County

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
   Orange County

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   Orange County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date 1/9/08

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

IVAN LEE, STEVEN LIU, EVAN MEDLEY, DAVID MEJIA,JOHN MORRIS, BEN NABLE,RYAN NABLE, TONY NGUYEN, ALAN RUIZ, JOHN SHINDLEDECKER, JOSEPH SPECKMAN, EDWARD SUK, SON THAI, JOSE VALENZUELA, CORNELL WHEELER, TREVOR WHITWORTH, DANTE ZENA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

**SACV08- 24 DOC (MLGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.