FINLAYSON, AUGUSTINI & WILLIAMS LLP
JEFF AUGUSTINI, SBN 178358
LORI G. GINEX, SBN 223954
15615 Alton Parkway, Suite 250
Irvine, CA 92618
Telephone: (949) 759-3810 / Facsimile: (949) 759-3812
Email: jaugustini@faw-law.com; lginex-orinion@faw-law.com

DAVID W. WIECHERT, SBN 94607
LAW OFFICES OF DAVID W. WIECHERT
107 Avenida Miramar, Suite A
San Clemente, CA 92672
Telephone: (949) 361-2822 / Facsimile: (949) 496-6753
Email: dwiechert@aol.com

*Attorneys for Defendants*
*CASHCALL, INC. and J. PAUL REDDAM*

DAVID R. MARKHAM, SBN 071814
R. CRAIG CLARK, SBN 129219
JAMES M. TREGLIO, SBN 228077
CLARK & MARKHAM LLP
600 B. Street, Suite 2130
San Diego, CA 92101
Telephone: (619) 239-1321 / Facsimile: (619) 239-5888
E-mail: dmarkham@clarkmarkham.com; cclark@clarkmarkham.com;
jtreglio@clarkmarkham.com

*Attorneys for Plaintiffs*

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB - 6 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| BRAD COLEMAN, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>CASHCALL, INC., a California corporation and PAUL REDDAM, an individual,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. SACV 08-0024 AG (MLGx)<br><br>[PROPOSED] **PROTECTIVE ORDER REGARDING CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION** |

FINLAYSON,
AUGUSTINI &
WILLIAMS LLP

Pursuant to the stipulation of the parties, the Court hereby orders the following:

## Part One:  Use of Confidential Materials in Discovery

1.     Any party or non-party may designate as "Confidential Information" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets or confidential business or financial information, including the following:  personal financial information about any party to this lawsuit, employees of CashCall, Inc., and prior and current customers of CashCall, Inc.; information regarding any individual's banking relationship with any banking institution, including information regarding the individual's financial transactions or financial accounts; and any information regarding any party or non-party (such as prior and current customers of CashCall) not otherwise available to the public and subject to protection under Federal law.

2.     Any party or non-party may designate as "Highly Confidential Information" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving highly sensitive trade secrets or confidential business or financial information, the disclosure of which would result in the disclosure of highly sensitive trade secrets or other research, development, production, personnel, commercial, market, financial, or business information subject to protection under Federal law.

3.     A party or non-party may designate information disclosed in response to written discovery or during a deposition as "Confidential Information" or "Highly Confidential Information" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.  In addition, a party or non-party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript that specific pages of the transcript and/or specific responses be treated as "Confidential Information" or "Highly

Confidential Information." A party or non-party that makes original documents or materials available for inspection need not designate them as Confidential or Highly Confidential Information until after the inspecting party has indicated which materials it would like copied and produced. During the inspection and before the designation and copying, all of the material made available for inspection shall be considered Confidential or Highly Confidential Information. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

4.      If a party or a non-party produces materials designated Confidential or Highly Confidential Information in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

5.      Any other party may object to a party's or non-party's designation of information as Confidential or Highly Confidential in writing or on the record at a deposition. Upon such objection, the parties shall follow the procedures described in Paragraph 12 below. After any designation is made according to the procedure set forth in Paragraphs 1 through 3, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 12 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession, custody, or control with the specified designation.

6.      All Confidential or Highly Confidential Information produced or exchanged in the course of this case shall be used by the party or parties to whom the information is produced solely for the purpose of this case. Confidential or Highly Confidential Information shall not be used for any commercial, competitive, personal or other purpose.

7.      Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to all interested parties and any non-party who

FINLAYSON,
AUGUSTINI &
WILLIAMS LLP

2

deemed material confidential, Confidential Information shall not be disclosed to any person other than:

        (a)    counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

        (b)    employees of such counsel;

        (c)    officers or employees of CashCall, Inc., to the extent deemed necessary by counsel for the effective prosecution or defense of this litigation;

        (d)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit A (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information, and provided that if the party chooses a consultant or expert employed by CashCall, Inc. or one of its competitors, the party shall notify the opposing party before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

        (e)    any authors or recipients of the Confidential Information;

        (f)    the Court, court personnel, and court reporters; and

        (g)    Plaintiffs or other witnesses (other than persons described in Paragraph 7(e)), but only to the extent necessary for the effective prosecution or defense of this litigation and only after the Plaintiffs and/or witnesses have signed the Certification annexed to this Order as Exhibit A.  Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given sufficient notice that Confidential

Information produced by the party may be used and has had a reasonable opportunity to move to prohibit or limit the disclosure of Confidential Information. However, before any such Confidential Information is disclosed, the witness must be instructed that the information has been designated Confidential Information under Court Order and may not be disclosed to any other person or entity. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential Information" pursuant to Paragraphs 1 and 3 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

8.     Except with the prior written consent of the other parties, or upon prior order of this Court obtained after notice to opposing counsel, Highly Confidential Information shall be treated in the same manner as "Confidential Information" pursuant to Paragraph 7 above, except that it shall not be disclosed to individual parties or directors, officers, or employees of a party.

9.     Any persons receiving Confidential or Highly Confidential Information shall not reveal, disclose or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential or Highly Confidential Information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed. If a party has actual knowledge that Confidential or Highly Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

FINLAYSON,
AUGUSTINI &
WILLIAMS LLP

4

10.     In connection with discovery proceedings as to which a party submits Confidential or Highly Confidential Information, all documents and chamber copies containing Confidential or Highly Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential or Highly Confidential Information is included in the first page attached to the outside of the envelope, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

This envelope is sealed pursuant to Order of the Court, contains Confidential and/or Highly Confidential Information, and is not to be opened or its contents revealed, except by Order of the Court or agreement by the parties.

11.     If another court or administrative agency subpoenas or orders production of Confidential or Highly Confidential Information, such party shall promptly notify counsel for the party who produced the material of the pendency of such subpoena or order and shall furnish counsel with a copy of said subpoena or order. Under no circumstances shall any party produce Confidential or Highly Confidential Information to any court or administrative agency without providing the party who produced the material at least five (5) court days notice of such production, so that such party has time to formally object to such production.

12.     If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. If the parties cannot reach agreement on the proper status of the material, the party who opposes the Confidential or Highly Confidential Information designation of the material shall have twenty (20) days from serving such written notice to apply to the Court for an order de-designating the material as confidential. However, the party or non-party making the designation has the initial burden of establishing that the document is entitled to protection. In the event such a

showing is made, the burden shifts to the opponent to demonstrate that the Confidential/Highly Confidential Information material legally never had or has lost such status.

13.     Notwithstanding any challenge to the designation of material as Confidential or Highly Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

>           (a)     the party or non-party who claims that the material is Confidential or Highly Confidential Information withdraws such designation in writing; or

>           (b)     the Court rules the material is not Confidential or Highly Confidential Information.

14.     Notwithstanding the provisions set forth above, any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential or Highly Confidential Information, although a document may lose its confidential status if it is disclosed or disseminated in such a manner inconsistent with its Confidential or Highly Confidential Information status.

15.     All provisions of this Order restricting the communication or use of Confidential or Highly Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of another party's or a non-party's Confidential or Highly Confidential Information, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information or (b) destroy such documents no later than thirty (30) days after conclusion of this action and certify in writing within that time period that the documents have been destroyed.

16.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.  Any witness,

FINLAYSON,
AUGUSTINI &
WILLIAMS LLP

6

other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice from the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

## Part Two:  Use of Confidential Materials in Court

The following provisions govern the treatment of Confidential and Highly Confidential Information used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings:

17.     A party that files with the Court, or seeks to use at trial, materials designated as Confidential or Highly Confidential Information, and who seeks to have the record containing such information sealed, shall, if required by the Court, submit to the Court a motion or an application to seal pursuant to any and all applicable Federal Rules.

18.     A party that files with the Court, or seeks to use at trial, materials designated as Confidential or Highly Confidential Information by anyone other than itself, and who does not seek to have the record containing such information sealed, shall comply with either of the following requirements:

(a)     At least ten (10) court days prior to the filing or use of the Confidential or Highly Confidential Information, the submitting party shall give notice to all other parties, and to any non-party that designated the materials as Confidential or Highly Confidential Information pursuant to this Order, of the submitting party's intention to file or use the Confidential or Highly Confidential Information, including specific identification of the Confidential or Highly Confidential Information.  Any affected party or non-party may then file a motion to seal; or

(b)     At the time of filing or desiring to use the Confidential or Highly Confidential Information, the submitting party shall lodge the materials under seal.  Any affected party or non-party may then file a motion to seal within ten (10) court days after such lodging.  Documents lodged shall bear a legend

FINLAYSON,
AUGUSTINI &
WILLIAMS LLP

7

stating that such materials shall be unsealed upon expiration of ten (10) court days absent the filing of a motion to seal.

19.    In connection with a request to have materials sealed pursuant to Paragraph 17 or Paragraph 18, the requesting party's declaration shall contain sufficient particularity with respect to the particular Confidential or Highly Confidential Information and the basis for sealing to enable the Court to make the findings required of it.

IT IS SO ORDERED.

DATED: 2/6/09

~~THE HON. ANDREW J. GUILFORD~~
~~United States District Court Judge~~

MARC L. GOLDMAN
U. S. MAGISTRATE JUDGE

FINLAYSON,
AUGUSTINI &
WILLIAMS LLP

# EXHIBIT A

# CERTIFICATION

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Regarding Confidential and Highly Confidential Information entered in *Coleman, et al. v. CashCall, Inc., et al.*, United States District Court for the Central District of California, Civil Action No. 08-0024 AG (MLGx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the juridiction of said Court for purposes of enforcing this Order.

DATED: _____, _____

_____

Protective Order

FINLAYSON,
AUGUSTINI &
WILLIAMS LLP